**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 22, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP2276**

**STATE OF WISCONSIN**

Cir. Ct. No. 2025SC224

**IN COURT OF APPEALS
DISTRICT II**

PORT WASHINGTON STATE BANK, A WISCONSIN BANKING CORPORATION,

    PLAINTIFF-RESPONDENT,

V.

ROXANNE D. HENDON,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLAMS, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Roxanne D. Hendon appeals from a circuit court order denying her de novo trial demand and motions to reopen in this small claims

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

replevin action in which Port Washington State Bank (the Bank) obtained a default judgment and thereafter repossessed Hendon's vehicle. Hendon contends the court erred in concluding her new trial/de novo hearing demand was untimely and that it erroneously exercised its discretion when it denied her motions to reopen on the basis that Hendon lacked any meritorious defense that would warrant granting the requested relief. Because the circuit court correctly concluded Hendon's de novo request was untimely, this court affirms.

## I. BACKGROUND

¶2    Hendon entered a consumer credit transaction with the Bank in March 2024 wherein the Bank loaned Hendon $59,545.94 with a 2.74% fixed interest rate. Pursuant to the Consumer Note, Hendon agreed to make monthly payments in the amount of $779.42 on the 15th of each month beginning April 15, 2022, for 83 months. To secure the loan, Hendon gave the Bank a security interest in a 2021 Tesla Model 3. The Consumer Note, along with the Chattel Security Agreement, both required Hendon to provide the Bank with a current address and to provide at least 30 days prior notice regarding any change in address.[2]

¶3    In April 2025, the Bank filed a small claims replevin action in the Ozaukee County Circuit Court in which it alleged Hendon was in default under the terms of the loan and that her account was "past due for the months of November 2024 through March 2025 in the amount of $3,891.30." The Complaint further alleged the Bank had sent Hendon a default and right to cure

---

[2] The Consumer Note provides that Hendon "shall not change [her] legal name or address without providing at least 30 days prior written notice of the change to [the Bank]." The Chattel Security Agreement states Hendon "shall not change" her "address, in each case without providing at least 30 days' prior written notice of the change to [the Bank]."

notice on October 25, 2024, a copy of which it attached to the Complaint, and that not only had Hendon failed to cure the default, but also that the time to do so had expired. The Bank sent the notice via regular and certified mail return receipt requested to an address on North Humboldt Boulevard in Milwaukee—the same address the Bank identified in the Complaint as the last known address it had for Hendon in its records[3]—but both mailings were ultimately returned to the Bank undelivered.

¶4 The April 2025 Complaint identifies Hendon's address as the North Humboldt address, and according to the Bank, when it sought to personally serve Hendon with the Complaint, it notified its process server that prior mail sent to that address had been returned undelivered. The Bank thereafter submitted an affidavit of due diligence from its process server in which the process server indicated he had identified an alternate address located on 19th Place in Milwaukee for Hendon. According to that affidavit, on April 12, 2025, the process server made contact with an individual there who stated Hendon "was their 'auntie, who stays there'" and that he "told the person behind the door of the summons and complaint, and left [his] phone number." The process server averred he returned to the 19th Place address three additional times from April 14th through April 20th, twice in the mid-to-late morning hours and once in the evening, and that no one answered the door on those occasions. He also called two potential phone numbers for Hendon and stated that whomever answered at the first number hung up immediately and that he left a voice message at the

---

[3] Both the Consumer Note and Chattel Security Agreement signed in March 2022 identify an address in Oak Creek, Wisconsin, near Hendon's purported signature, and it is not clear at what point the North Humboldt address came to be noted as Hendon's last known address in the Bank's records.

3

second number. Ultimately, the process server was "unable, with due diligence, to effect service" on Hendon.

¶5      Following the process server's inability to personally serve Hendon, the Bank filed an Amended Summons and Complaint on May 1, 2025, which identified an amended return date of May 21, 2025, so it could pursue service by publication.[4]   Pursuant to WIS. STAT. § 799.12, the Bank published a Class 1 notice in The Daily Reporter on May 5, 2025, and it also mailed a copy of the Amended Summons and Complaint to Hendon at the 19th Place address in Milwaukee.  That mailing, unlike prior mailings to the North Humboldt address, was not returned to the Bank.  Hendon did not appear at the May 21st hearing, and the circuit court commissioner thereafter entered a default judgment for possession of the 2021 Tesla Model 3 in the Bank's favor.[5]   The written judgment is dated May 22, 2025, and says it was mailed to Hendon at the 19th Place address.

¶6      Hendon thereafter filed numerous motions, many of which generally sought to reopen the matter, with the court commissioner.  First, on June 3, 2025, Hendon filed a document entitled "Chronicle of Repeated Financial Misconduct & Request for Judicial Review" in which she noted the document "outlines the repeated financial and procedural misconduct involving" her loan with the Bank

---

[4] The initial April 2025 Summons and Complaint identified May 7, 2025, as the return date.

[5] A CCAP entry dated May 21, 2025, states that Hendon did not appear for the return date.  "CCAP" is the acronym commonly used to refer to the Consolidated Court Automation Program, which "is a case management system provided by [the] Wisconsin Circuit Court Access program" that "provides public access online to reports of activity in Wisconsin circuit courts[.]" *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133.  Appellate courts may take judicial notice of CCAP records.  *See* WIS. STAT. § 902.01; *see also* *State v. Aderemi*, 2023 WI App 8, ¶7 n.3, 406 Wis. 2d 132, 986 N.W.2d 306.

and that "[i]t supports [her] formal request for judicial review[.]" (Formatting altered.) On June 9th, the court commissioner entered an order regarding the June 3rd filing, stating the document was "difficult to follow" but appeared to assert "claims against [the Bank] and asks for 'judicial review.'" That order further noted that "[n]o motion has been noticed for hearing and" that Hendon's filing, despite "laying out a multitude of facts, cites no legal basis for granting relief." Therefore, the court commissioner denied her requests without prejudice.

¶7     Next, also on June 9, 2025, Hendon filed a "Motion To Reopen Default Judgment And Request For Judicial Review" in which she requested reopening of the default judgment pursuant to WIS. STAT. § 806.07(1)(a), (b), and (c) "due to excusable neglect, newly discovered evidence, and misrepresentation/misconduct by [the Bank] and third-party actors." (Formatting altered.) In essence, she asserted a lack of proper service, that she was unable to attend the May 21st hearing, that the Bank relied on or utilized unlicensed representatives, and that the Bank submitted "inaccurate court filings[.]" Hendon filed two additional motions on June 30th—a "Motion to Submit Supplemental Defense Statement, Notice of Regulatory Review, Payment Discrepancies, Request for Documentation, And Review Of Unauthorized Repossession" and a "Motion To Submit Exhibits Supporting Claims Of Document Discrepancy And Potential Fraud"—in which she essentially argued that despite the default judgment, the Bank had unlawfully repossessed her vehicle, that the Bank had failed to provide an accounting of the sale of the vehicle, that a loan officer involved in the transaction was not licensed, and that the Officer of Lawyer Regulation and FDIC were investigating the Bank's handling of this matter. (Formatting altered.)

¶8    Hendon continued to file additional information and motions, including two motions on July 2, 2025. One motion was entitled "Motion to Vacate Judgment And Dismiss Case With Prejudice," in which she asked the "Court to vacate the judgment entered against her on May 21, 2025, and to dismiss this case with prejudice[.]" (Formatting altered.) As grounds for her requests, she again asserted improper service and that the Bank had unlawfully and prematurely repossessed her vehicle, and she also argued she had been denied due process and that there had been judicial misconduct. In the second July 2nd motion, Hendon again requested a "[f]ormal judicial review of the proceedings" and also sought to pursue "[e]thical complaints with the appropriate judicial oversight agencies[.]" (Formatting altered.)

¶9    The CCAP court notes reflect that the court commissioner held a hearing on the afternoon of July 2, 2025; however, no transcript of that hearing appears in the appellate Record. According to the same CCAP entry, the court commissioner denied Hendon's motion to reopen and held that Hendon's remaining motions were moot, and the commissioner signed a written order to that effect on July 3rd. The commissioner entered a second order that same day—July 3rd—stating Hendon's "Motion To Vacate Judgment And Dismiss Case With Prejudice" filed on July 2nd "raises no new substantive issues that were not considered and addressed by the court at the hearing held on July 3, 2025,[6] prior to the filing of the motion by the defendant[,]" and the order further stated Hendon's motion "misstates the record." Accordingly, the commissioner denied Hendon's request.

---

[6] It appears the reference to the July 3, 2025 hearing was a typographical error, as the CCAP notes reflect only a July 2nd hearing and not an additional July 3rd hearing.

¶10     Hendon filed her next motion—a "Renewed Motion To Reopen and Notice of Procedural Irregularities" in which she again referenced WIS. STAT. § 806.07—approximately two weeks later on July 15th. (Formatting altered.) In that motion, she referenced the July 2nd hearing at which the court commissioner had issued an oral ruling denying her prior Motion to Reopen but maintained, despite the written order entered on July 3rd denying the prior Motion to Reopen, that as of her July 15th filing, "no written order denying the Motion to Reopen has been entered into the court record" and that as a result, "the Motion to Reopen remains unresolved." (Formatting altered.) On July 16, 2025, the court commissioner signed an order denying the requests Hendon set forth in the July 15th motion. Specifically, the court commissioner noted that Hendon's most recent motion "raises no new substantive issues that were not considered and addressed at the" July 2nd hearing "and addressed in the court's rulings dated July 3, 2025[.]" The court commissioner further noted Hendon had "again misstate[d] the record."

¶11     Hendon's filings continued into August 2025, beginning with an August 4th "Motion to Dismiss Judgment And Replevin Order" that again, inter alia, alleged improper service of the Amended Summons and Complaint, argued the Bank had fraudulently mispresented her payment history, referenced complaints she had filed with federal agencies regarding her loan and the Bank's purported actions, and claimed the Bank illegally repossessed her vehicle. (Formatting altered.) The following day, August 5th, Hendon filed another motion—a "Motion For Decision Without Oral Argument"—regarding the "pending motion to dismiss the judgment and replevin order without the need for oral argument or hearing[.]" (Formatting altered.) Hendon also included the August 4th Motion to Dismiss in her request, stating she "believe[d] this Court can

7

rule on the merits based solely on the filings submitted[.]" Despite her August 5th request, Hendon filed two additional motions—one the following day, August 6th, which she stated was a "Supplemental Motion to provide newly received and highly relevant evidence in support of the pending Motion for Decision Without Oral Argument[,]" and a second on August 8th stating it was a "Supplemental Judicial Notice, Demand for Ruling, And Notice Of Federal Oversight" filed for the purpose of "updat[ing] the Court on material developments and to formally request immediate action on the pending motion." (Some formatting altered.)

¶12      On August 11, 2025, the circuit court commissioner entered an order denying Hendon's multiple motions. That order stated:

> Recently, the defendant has again filed motions in this closed matter. These new motions again appear to raise no new substantive issues that were not considered and addressed at the hearing held on July 2, 2025, and addressed in the court's rulings dated July 3, 2025[.] … Although these new requests were set on for hearing to give the defendant a chance to argue them, she now demands a decision without oral argument.
>
> The defendant's request for decision on the motions without oral argument is granted.
>
> The pending motions of the defendant are denied as they raise no new issues not already resolved in this matter. The hearing set for September 17, 2025, is removed.

Hendon thereafter attempted to appeal the August 11th decision to the court of appeals; however, we dismissed the appeals due to lack of jurisdiction.[7] Despite our August 26th dismissal, Hendon filed another Notice of Appeal regarding the same August 11th court commissioner order on August 27th.

---

[7] Hendon filed two separate appeals referencing the August 11, 2025 decision—one on August 11th and another on August 19th.

¶13    Hendon continued to file additional motions between August 11th and August 27th.  Citing WIS. STAT. § 801.58(7), Hendon filed a "Motion for Judicial Substitution (For Cause)" seeking to remove the court commissioner from this case and asking that it be reassigned, as well as an "Emergency Motion To Compel Ruling And Preserve Record For Appeal" requesting "immediate rulings" on her substitution request as well as a ruling related to her petition for fee waiver and notice of appeal.  Prior to resolution of those matters, Hendon also filed a "Motion To Consider Unlawful Sale of Vehicle," again asserting "new evidence" had arisen "regarding the unlawful transfer and sale of the 2021 Tesla Model 3 that is the subject of this case."  (Formatting altered.)

¶14    On August 28, 2025, Hendon filed a "Demand for Trial and Instructions (Small Claims)" regarding the court commissioner's August 11th decision—the first time she specifically requested that a circuit court review any of the court commissioner's orders.[8]  Specifically, Hendon checked the box indicating the matter had been decided by a court commissioner's "written decision mailed on" August 11, 2025.  The form upon which Hendon made her request informed her that failure to "file a timely demand for trial" would result in her having "no right to a trial and no right to an appeal[,]" and it further stated that if the court commissioner had issued a written decision, the trial demand must be "file[d] with the court and mail[ed] to the other parties and attorney (if any) … within 15 calendar days from the date a written decision was mailed."

---

[8] All prior requests, including those motions fashioned as requests to reopen the default judgment, "renewed" requests to reopen the default judgment, and for "judicial review," were submitted to the court commissioner.

9

¶15    The Bank thereafter filed a brief opposing both Hendon's demand for a new trial/de novo hearing and her motions to reopen the default judgment. Generally speaking, the Bank argued Hendon's request for a new trial/de novo hearing was untimely for at least two reasons. First, it said, the court commissioner denied Hendon's initial motion to reopen on July 3, 2025, which was significantly longer than 15 days prior to Hendon's August 28th demand. And, the Bank argued, even if the 15-day period did not begin to run until the resolution of Hendon's second motion to reopen, which she filed on August 4th, the court commissioner entered an order regarding *that* motion on August 11th— 17 days prior to the August 28th demand and therefore outside the 15-day time limit. Regarding Hendon's motions to reopen the default judgment, the Bank argued none of Hendon's purported defenses were *meritorious* defenses pursuant to WIS. STAT. § 799.29 such that they would warrant the requested relief.

¶16    The circuit court held a hearing on October 7, 2025, to address Hendon's demand for a new trial/de novo hearing and the motions to reopen. The court heard from both parties, and in regard to the court commissioner's August 11th order, Hendon argued the time for filing a demand for a new trial or de novo hearing begins to run for written orders from the date of *mailing* but that here, she had been sent an *e-mail* despite not having consented to e-filing and that because it had been e-mailed rather than mailed, the August 11th order was "not valid[.]" Hendon did not, however, provide citation to case law or other authority establishing an e-mail was insufficient. Hendon also reasserted, inter alia, her claims that: (1) service had been improper at the outset; (2) the default cure notice was defective; and (3) the Bank had prematurely repossessed her vehicle and misapplied/misrepresented her payment history.

10

¶17    The circuit court thereafter addressed Hendon's arguments, including explanations regarding some of Hendon's misperceptions. Regarding Hendon's request for a substitution of judge, the court explained that in effect, Hendon's request amounted to a request that the court commissioner recuse himself, and it also explained the Court of Appeals had dismissed her appeal of the court commissioner's August 11th order because a court commissioner's decision is not final for purposes of appellate review. In addressing the timeliness of Hendon's request for a new trial/de novo hearing, the court explained that pursuant to the local rules, she "can't de novo a default" judgment "because if you don't show up … that's on you," but that even disregarding that, Hendon's request was nevertheless untimely. Specifically, the court explained that the multiple motions Hendon filed subsequent to the default and the court commissioner's July 2nd oral ruling and July 3rd written order denying her initial motion to reopen did not extend the time period for requesting de novo review/new hearing before a circuit court. Consequently, the court denied Hendon's request for a new trial/de novo hearing as untimely.

¶18    As for Hendon's motion to reopen the default judgment, the circuit court rejected Hendon's argument that lack of proper service was a meritorious defense, explaining that after the process server, despite multiple attempts, was unable to serve her personally at the 19th Place address where an individual had indicated Hendon was her "auntie" and that Hendon stayed there, the Bank had obtained service via publication. The court further rejected Hendon's argument that the Bank was required to publish the notification three times, stating that, in this case, only one publication was statutorily required. The court also rejected Hendon's other purported meritorious defenses, stating Hendon's "generalized statements" were insufficient to establish the Bank had improperly applied her

payments, explaining certain hearsay exceptions regarding the Bank's affidavits applied, and noting Hendon had not established she had cured the default. Because Hendon's request for a new trial/de novo hearing was untimely and because Hendon failed to establish a meritorious defense to the Bank's claims, the court concluded there was no good cause to reopen the default judgment. It therefore "den[ied] the de novo that [Hendon] sought seeking to reopen the default judgment."

¶19     In its October 10th written order, the circuit court reiterated its factual findings, including, but not limited to: (1) Hendon "acknowledged receiving [the court commissioner's] written Order denying [her] pending motions on August 11, 2025[,]"; (2) Hendon had not "file[d] her demand for trial/hearing de novo until August 28, 2025, 17 calendar days from the date the written decision was emailed to" Hendon; (3) the Bank had established service by publication and mailing; (4) Hendon was in default under the terms of the loan agreement and had not cured the default; and (5) Hendon "failed to show the good cause requisite to reopen a default judgment in that she has failed to show that she has any meritorious defense[.]" Hendon appeals.

## II. DISCUSSION

¶20     The primary issue on appeal is whether Hendon timely filed her request for a new trial/de novo hearing following the court commissioner's August 11, 2025 order denying her motion to reopen the default judgment entered against her. If her motion was timely, this court must also determine whether Hendon established good cause to reopen the default judgment pursuant to Wis.

STAT. § 799.29.[9]  Whether Hendon's request for a new trial/de novo hearing was timely presents a question of law reviewed de novo.  *See State v. Hughes*, 218 Wis. 2d 538, 543, 582 N.W.2d 49 (Ct. App. 1998) (interpretation and application of statutes present questions of law appellate courts review de novo).

¶21     Hendon contends her August 28, 2025 request for a new trial/de novo hearing as to the court commissioner's August 11th order denying her motion to reopen the default judgment was timely and that the circuit court erred in concluding otherwise.  First, she asserts the court erred in concluding she failed to respond to the Bank's affidavits and points to information she filed on September 18th in response to the Bank's September 16th brief opposing her request for a new trial/de novo hearing.  Second, Hendon asserts WIS. STAT. § 299.207(2)'s 15-day time period for filing review of a court commissioner's written order begins to run from the date of *mailing* and that here, the August 11th order was not mailed to her but rather was *e-mailed*.  Hendon further argues the court erred in concluding she lacked any meritorious defenses that would warrant reopening the default judgment and points to purported defenses including, but not limited to, challenges to proper service and an allegedly defective right to cure default notice.

¶22     The Bank believes Hendon's August 28, 2025 request for a new trial/de novo hearing was untimely.  First, it contends the correct date to look to

---

[9] Hendon identifies multiple additional issues in her initial appellate brief, such as whether service was proper, whether the Bank provided a proper right to cure, and whether the Bank misapplied payments to her loan account.  Under the circumstances here, however, these issues are more directly related to the question of whether Hendon can establish a meritorious defense for the purpose of satisfying WIS. STAT. § 799.29 and do not bear on the question of whether her request for a new trial/de novo hearing was timely.

for purposes of determining whether Hendon's request was timely is the court commissioner's July 3, 2025 written decision denying her initial motion to reopen the default judgment. This is the key date, it says, because allowing multiple successive motions to reopen to serve as the relevant date would effectively allow Hendon to "reset the calendar to allow [her] additional time to seek a de novo hearing." Alternatively, the Bank contends that even if the timeliness of Hendon's request relates to the commissioner's August 11th order, it remains untimely because the written order was e-mailed to Hendon on that date, which was more than 15 days prior to the date she requested the new trial/de novo hearing. Noting the circuit court also addressed whether Hendon was entitled to reopen the default judgment—despite its conclusion that Hendon's request for a new trial/de novo hearing was untimely—the Bank asserts Hendon's purported defenses are not meritorious defenses for the purpose of reopening a default judgment.

¶23 WISCONSIN STAT. § 799.207 governs small claims proceedings, including replevin actions, before circuit court commissioners. Pursuant to § 799.207(2)(b), a circuit court may review a court commissioner's decision only if the party requesting review "file[s] a demand for trial within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision to prevent the entry of the judgment." *Id.* Absent a timely demand, the court commissioner's decision "shall become a judgment" and that judgment is not subject to the circuit court's review. *See* § 799.207(2), (2)(b). Accordingly, where the court commissioner issues a written decision, the date of mailing triggers the 15-day period within which a party may seek review in the circuit court. Sec. 799.207(2)(b).

¶24 Although the Bank suggests the timelines of Hendon's request for a new trial/de novo hearing should be determined based on the court

commissioner's July 3, 2025 written order denying Hendon's motion to reopen the default judgment rather than the court commissioner's August 11th order denying a subsequent motion to reopen, it is unnecessary to resolve that question because even using the court commissioner's latest written order—the one filed and e-mailed to Hendon on August 11th—it is clear that Hendon's August 28th request for a new trial/de novo hearing falls outside the 15-day window for requesting circuit court review. Because she did not file her request within that 15-day window, she may not seek review of the court commissioner's order before the circuit court. *See* WIS. STAT. § 799.207(2), (2)(b).

¶25 Hendon's argument that the August 11, 2025 order was e-mailed to her rather than mailed to her—thereby failing to trigger the 15-day time limit—does not alter this analysis, as she has failed to sufficiently develop the argument and does not present citation to any case law or other legal authority in support of her position that e-mailing a copy of the written decision is inferior to a mailed copy of the written decision, particularly where she does not appear to dispute that she received the August 11th e-mail. As the appellant, Hendon bears the burden of providing citation to legal support for her arguments. *See* WIS. STAT. RULE 809.19(1)(e) (requiring appellant's brief to contain legal arguments with citations to supporting statutes and legal authorities). This court will not consider "[a]rguments unsupported by references to legal authority[,]" *see State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992), and this court "will not abandon [its] neutrality to develop arguments" on a party's behalf, *see Industrial Risk Insurers v. American Engineering Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶26 Having determined Hendon's request for a new trial/de novo hearing as to the court commissioner's August 11, 2025 order denying her motion to

reopen the default judgment was untimely, it is unnecessary to further address Hendon's assertions that she has meritorious defenses for the purpose of establishing good cause under WIS. STAT. § 799.29.  The conclusion that Hendon's new trial/de novo hearing request was untimely is dispositive, and to further address her argument that the circuit court erred in denying her motion to reopen the default judgment would, in effect, circumvent WIS. STAT. § 799.207's requirements.[10]

> *By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[10] Even if this court addressed Hendon's request for relief from the default judgment entered against her, it would reach the same conclusion as the circuit court, as this court agrees with the circuit court's explanations and analysis regarding Hendon's lack of any meritorious defenses that would warrant relief pursuant to WIS. STAT. § 799.29.  *See* § 799.29(1)(a) (providing that a "trial court may … reopen default judgments upon notice and motion or petition duly made *and good cause shown*" (emphasis added)).  Hendon's argument that the Bank failed to obtain service by publication because it published the notice only one time rather than three times is unavailing, as publication here falls under Class 1 notices.  *See* WIS. STAT. § 799.12(4), (6), and WIS. STAT. ch. 985.